IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01463-RMR-SKC

AMERICAN MUCKRAKERS PAC, INC., a foreign entity, and
DAVID B. WHEELER, an individual, North Carolina resident,

    Plaintiffs,

v.

LAUREN OPAL BOEBERT, an individual and Colorado resident, and
JOHN DOES (1-25),

    Defendants.

## REPRESENTATIVE LAUREN BOEBERT'S UNOPPOSED MOTION TO EXCEED PAGE LIMITATIONS

Plaintiffs American Muckrakers and David Wheeler filed this suit for defamation and related torts against Representative Lauren Boebert on June 8, 2023. Mr. Wheeler founded Muckrakers in an unsuccessful attempt to defeat Representative Boebert during her 2022 re-election campaign. His strategy for doing so was publishing a series of "articles" that accused Representative Boebert of being a prostitute, a stripper, and a drug addict. The articles were widely shared online and in traditional news media. When Representative Boebert defended herself and her campaign, Mr. Wheeler and Muckrakers filed this suit for defamation and related torts based on Representative Boebert's defense.

Simultaneous with this motion, Representative Boebert has filed a combined motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and a special motion to dismiss under Colorado's Anti-SLAPP statute. The motion is 21.5 pages long, not taking into account the caption

and signature block. The motion explains: the detailed underlying facts; the complex law regarding the interplay between the Federal Rules of Civil Procedure and Colorado's Anti-SLAPP statute; the actual malice standard governing claims of defamation for public figures; that statements made during an electoral campaign have special First Amendment status; that Plaintiffs have failed to plead special damages under Federal Rule of Civil Procedure 9(g); that *New York Times v. Sullivan* extends to the non-defamation torts asserted by Plaintiffs; and that *Buentello v. Boebert*, 545 F.Supp.3d 912 (D. Colo. 2021) requires dismissal of Plaintiffs' First Amendment claim.

Absent good cause, the Court's practice standards limit motions to dismiss to 15 pages. Civ. Practice Standard 10.1(c)(1), (5). The Court's practice standards further encourage parties to "make the utmost effort to set forth their arguments clearly and concisely. A motion should state the relevant facts, the relevant legal standard, and a brief argument. Repetitive arguments and string citations are not necessarily persuasive and may only serve to slow the ultimate disposition of the motion." *Id.* 10.1(c)(3).

Good cause exists for the relief requested. Representative Boebert's motion addresses several different complex areas of statutory and constitutional law. Further by combining her Rule 12(b)(6) motion with her special motion to dismiss (which permits consideration of extrinsic evidence), Representative Boebert is complying with the Court's admonition that motions practice should be efficient. Absent leave to exceed the Court's page limitation, Representative Boebert must file *two* fifteen-page motions to dismiss, as opposed to one 22-page motion to dismiss.

Representative Boebert thus respectfully moves to file a 22-page motion to dismiss in excess of the Court's page limitation.

**Certificate of conferral:** Plaintiffs do not oppose the relief requested.

DATED: August 22, 2023.

Respectfully submitted,

*s/ Andrew Nussbaum*

Andrew Nussbaum, Esq.
Edward Gleason, Esq.
Nussbaum Gleason PLLC
2 N. Cascade Ave., Suite 1430
Colorado Springs, CO 80903
Phone: (719) 428-2386
Email: andrew@nussbaumgleason.com
　　　　ed@nussbaumgleason.com
Suzanne Taheri, Esq.
Maven Law Group
6501 E. Belleview Ave, Suite 375
Denver, CO 80111
Phone: (303) 218-7150
Email: ST@westglp.com
*Attorneys for Rep. Boebert*