IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01463-RMR-SKC

AMERICAN MUCKRAKERS PAC, INC., a foreign entity, and
DAVID B. WHEELER, an individual, North Carolina resident,

    Plaintiffs,

v.

LAUREN OPAL BOEBERT, an individual and Colorado resident, and
JOHN DOES (1-25),

    Defendants.

## REPRESENTATIVE LAUREN BOEBERT'S MOTION TO STAY DISCOVERY

Defendant Representative Boebert, by her attorneys, respectfully moves the Court to stay discovery pending resolution of her motion to dismiss Defendant American Muckrakers PAC and David Wheeler's complaint. Given the substantial First Amendment concerns raised by Plaintiffs' suit, whose principal aim is to stymie political discourse, the motion should be granted.[1]

### BACKGROUND

This is a suit for defamation between political adversaries. In the run up to Representative Lauren Boebert's 2022 re-election campaign, Plaintiffs' American Muckrakers PAC and its founder David Wheeler, published a series of widely shared articles that claimed Representative Boebert was a prostitute who got her start in politics by being a paid escort for the Koch brothers. (Doc. 15

---

[1] **Certificate of conferral:** Pursuant to D.C.COLO.LCivR 7.1, the parties have conferred in good faith regarding this motion over email and in a 45-minute phone call on August 18, 2023. Plaintiffs oppose the relief requested.

1

at 1-2). Representative Boebert responded in a series of public statements that Mr. Wheeler was a "political hack," a "left-wing political operative," a "[r]adical Democrat," whose accusations were "completely baseless," "completely false," and constituted "defamation." (*Id.* at 5-7). Plaintiffs then filed this suit for defamation and related torts, alleging that Representative Boebert's response to Plaintiffs' attacks were defamatory. Plaintiffs are actively fundraising from the publicity they've received for this suit. *See* Defamation Lawsuit Information, https://www.americanmuckrakers.com/defamation (last visited Aug. 15, 2023) (requesting donations and linking to press release about the lawsuit that Rep. Boebert is "loud-mouthed" and thus is not qualified to serve in Congress.).

Simultaneous with this motion, Representative Boebert has filed a combined motion to dismiss for failure to state a claim under F.R.C.P. 12(b)(6), as well as a special motion to dismiss under Colorado's Anti-SLAPP statute, C.R.S. § 13-20-1101(3)(a). (Doc. 15). In short, the motion argues that Plaintiffs have failed to allege Representative Boebert's statements were made with actual malice. When she defended herself against Mr. Wheeler's accusation, she disclosed the basis for her opinions that Wheeler's articles were a political smear campaign and "completely baseless"—namely that Wheeler's key source told him that the source's allegations were "totally made up"; that the pictures of "escorts" Mr. Wheeler published on his website were obviously not Representative Boebert; that Mr. Wheeler had ulterior political motives; and that she had not engaged in any of the activities he alleged. The motion to dismiss further argues that under Judge Bork's concurrence in *Ollman v. Evans*, 750 F.2d 970, 1002 (D.C. Cir. 1984), which the Tenth Circuit adopted in *Mink v. Knox*, 613 F.3d 995, 1005 (10th Cir. 2010), political attacks made during a political campaign—even statements that in other contexts might be considered defamatory—are

political rhetoric, not defamation. Just as then-Vice President George H.W. Bush could not have filed a defamation suit against then-Senator Bob Dole when Sen. Dole accused the Vice President with "lying about my record" during the 1988 primaries,[2] Mr. Wheeler and his political action committee cannot sue Representative Boebert for stating that his salacious accusations were "completely false" and "completely baseless." "When we read charges and countercharges about a person in the midst of [a political campaign or] controversy we read them as hyperbolic, as part of the combat, and not as factual allegations whose truth we may assume." *Ollman*, 750 F.2d at 1002 (Bork, J., concurring). A person who enters the "political arena . . . must expect that the debate will sometimes be rough and personal." *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 687 (1989) (quoting Judge Bork's concurrence from *Ollman*).

## LEGAL STANDARD

"Under the Federal Rules of Civil Procedure, a district court has the inherent power to administer its case docket in the interest of time, judicial economy, and the parties involved." *Crownalytics, LLC v. SPINS, LLC*, 2022 WL 17416656, at *1 (D. Colo. 2022). "When assessing the propriety of a stay of discovery, courts in this district have adopted the following five-factor balancing test: (1) prejudice of a stay to plaintiffs' interest in proceeding expeditiously; (2) the burden of discovery on defendant; (3) convenience of the court; (4) interests of third parties; and (5) the public interests." *Hood v. Am. Auto Care, LLC*, 2019 WL 13196795, at *1 (D. Colo. 2019) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. 2006)).

---

[2] *See* Steve Kornacki, *Bush and Dole: A political rivalry for the ages. And then that final salute.*, NBC News (Dec. 5, 2018) ("Then Brokaw asked Dole if he had any message for Bush. 'Yeah,' he replied, 'stop lying about my record.'").

3

# ARGUMENT

The *String Cheese Incident* factors weigh heavily in favor of a stay. In this case, particular weight should be given to the public interest in light of the policy of the State of Colorado (embodied in its Anti-SLAPP statute) and the First Amendment concerns at issue here.

Colorado recently enacted an "Anti-SLAPP" statute, the purpose of which is to deter lawsuits like this one whose aim is to chill First Amendment activity, and to codify and enhance the protections articulated by *Protect Our Mountain Environment, Inc. v. District Court in & For Jefferson Cnty.*, 677 P.2d 1361 (Colo. 1984). Colorado's Anti-SLAPP statute does so primarily by authorizing a defendant to file a "special motion to dismiss," C.R.S. § 13-20-1101(3)(a), which gives the Court an early opportunity to dismiss claims that are unlikely to be successful at a trial in the normal course. An Anti-SLAPP special motion to dismiss is subject to a unique standard: a court must dismiss a complaint "unless the court determines that the plaintiff has established that there is a reasonable likelihood that the plaintiff will prevail on the claim." *Id.* § 13-20-1101(3)(a). In ruling on the motion, a court must consider "supporting and opposing affidavits stating the facts upon which the liability or defense is based." *id.* at § 13-20-1101(3)(b). A defendant prevailing on a special motion to dismiss is "entitled to recover [her] attorney fees and costs." *Id.* at § 13-20-1101(4)(a). An order granting or denying a special motion to dismiss is immediately appealable. *Id.* at § 13-20-1101(7). And most importantly in this case, discovery is automatically stayed by filing a special motion to dismiss. *Id.* at § 13-20-1101(6) ("All discovery proceedings in the action are stayed upon the filing of a notice of motion made pursuant to this section.").

Colorado's Anti-SLAPP statute thus embodies a strong policy interest that lawsuits, like this one, meant to silence political discourse should be resolved with as little judicial intervention as

4

possible. Although it is unclear whether the automatic stay of discovery applies in federal court, *see Moreau v. United States Olympic & Paralympic Comm.*, 2022 WL 17081329, at *4 (D. Colo. Nov. 18, 2022), that provision nevertheless strongly suggests that the public interest in Colorado weighs in favor of staying discovery. This is doubly true in light of the fact that Plaintiffs are attempting to convert what should be a matter for the "political arena" into a matter for judicial supervision. Allowed to proceed to discovery, the Court will be forced supervise highly thorny questions of the interplay between Rule 26 and the First Amendment. As Judge Bork noted in *Ollman*, "we [sh]ould be astonished and highly disapproving" of Plaintiffs' decision to bring "an action for libel" based on statements made in the context of a political campaign—statements they elicited with Plaintiffs attacks. *See Ollman*, 750 F.2d at 1005 (Bork, J., concurring).

The remaining *String Factors* similarly favor discovery. First, Plaintiffs' interest in proceeding to discovery is low in light of the fact that, had they filed this suit in state court, discovery would have been automatically stayed. Further, Plaintiff has waited to file this suit for more than a year, attempting to time it to coincide with the 2024 election cycle. Second, Representative Boebert has a strong interest in staying discovery in light of the near-total First Amendment prohibition against defamation suits arising from political attacks. Representative Boebert's constitutional rights would be substantially burdened "if [she] w[as] forced to engage in discovery if the court eventually granted their motion to dismiss." *String Cheese Incident, LLC*, 2006 WL 894955, at *2. Third, staying discovery will avoid unnecessarily entangling the Court in a thicket of political and First Amendment questions. Indeed, if the Court has any concern that requiring discovery to proceed might burden the Representative's First Amendment rights, it should interpret Rule 26 and related discovery rules to avoid any such constitutional issue. *See Whole Woman's Health v. Smith*, 896

F.3d 362, 370 (5th Cir. 2018) (when discovery potentially burden's constitutional rights, court must, under canon of constitutional avoidance interpret discovery rules to void burden if reasonably possible). Fourth, no third party will be affected by this stay.

## CONCLUSION

For the foregoing reasons, Representative Boebert respectfully requests that discovery be stayed pending the outcome of her motion to dismiss.

DATED: September 11, 2023.

Respectfully submitted,

*s/ Andrew Nussbaum*

Andrew Nussbaum, Esq.
Edward Gleason, Esq.
Nussbaum Gleason PLLC
2 N. Cascade Ave., Suite 1430
Colorado Springs, CO 80903
Phone: (719) 428-4937
Email:  andrew@nussbaumgleason.com
          ed@nussbaumgleason.com

Suzanne Taheri, Esq.
Maven Law Group
6501 E. Belleview Ave, Suite 375
Denver, CO 80111
Phone: (303) 218-7150
Email: ST@westglp.com
*Attorneys for Representative Boebert*